# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00092-APG-VCF |
| Plaintiff, | |
| v. | **AMENDED ORDER TRANSFERRING RELATED CIVIL CASE** |
| DANIEL LAWRENCE WAKEMAN, | (ECF Nos. 60, 70) |
| Defendant. | |

Daniel Wakeman moves to vacate his sentence under 28 U.S.C. § 2255. He contends that his sentence enhancement for being a career offender under the United States Sentencing Guidelines is infirm after *Johnson v. United States*, in which the Supreme Court struck down part of a similar enhancement in the Armed Career Criminal Act. But because Wakeman was not sentenced in this district, and because a defendant must file his § 2255 motions in the district that sentenced him, I cannot reach the merits of Wakeman's claims. I thus transfer his motion (via the assigned civil case) to Wakeman's sentencing court so that it may properly consider his motion.

## Background

In 1999, the United States District Court for the District of Oregon sentenced Wakeman to 201 months in custody for two counts of bank robbery.[1] Because Wakeman would be released in Nevada so that he could be near his family, in 2016 the District of Nevada's probation office requested that the District of Nevada assume jurisdiction over Wakeman's case "for the duration of his supervised release."[2]

The District of Oregon agreed and ordered Wakeman's case transferred to the District of Nevada under 18 U.S.C. § 3605. Section 3605 allows a sentencing court to transfer jurisdiction over a "person on supervised release" to a new court so that a local court can supervise the

---

[1] ECF No. 1 at 1.

[2] *Id.*

defendant who plans on relocating outside of the sentencing court's jurisdiction. The District of Nevada is thus the custodial court for Wakeman's supervised release.

## Discussion

Wakeman contends that he can file his § 2255 motion in the District of Nevada, despite that he was sentenced in the District of Oregon. But § 2255 plainly states that a defendant can file a motion under this section only in the court "which imposed [his] sentence." And the Ninth Circuit has relied on this clear limitation to hold that a custodial court, like the District of Nevada is here, is not the proper place to file a § 2255 motion.

In *Hernandez v. Campbell*, the Ninth Circuit explained that "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court."[3] This makes sense, as the sentencing court is best suited to consider challenges to the conviction and sentence it imposed. On the other hand, when a defendant challenges "the manner, location, or conditions of a sentence's execution," he must bring his motion under 28 U.S.C. § 2241 in the custodial court that is overseeing his release.[4] In short: challenges to the legality of a defendant's original conviction and sentence must be brought in the sentencing court; challenges to the conditions of the sentence's execution must be brought in the custodial court.[5]

There is no question that Wakeman's motion seeks to challenge the legality of his underlying conviction and sentence: he raises a single argument that the District of Oregon erred in applying a sentencing provision to him.[6] His challenge under § 2255 must therefore be brought in the court that sentenced him, which is the District of Oregon.

---

[3] *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

[4] *Id.*

[5] *Id.*

[6] ECF No. 60 at 2 (arguing that his sentence is infirm under *Johnson v. United States*, 135 S. Ct. 2551 (2015)). Wakeman suggests that I construe his motion as challenging the conditions of his sentence, but cites no authority to support his position. He points out that if his challenge

Wakeman argues that he can file his § 2255 motion in this district because jurisdiction over the case has been transferred here.[7] But § 2255's application does not turn on which court voluntarily accepted jurisdiction over a supervisee; it turns on which court sentenced the defendant. Wakeman offers no authority to suggest that I can simply ignore § 2255's plain text because two districts decided to transfer jurisdiction over a supervisee. And in any event, Wakeman ignores the Ninth Circuit's holding in *Hernandez*, discussed above.[8]

Wakeman finally argues that his motion falls under § 2255(e). That section is a narrow "safety hatch" that applies only where the petitioner can show that "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"[9] In other words, a defendant can challenge his sentence outside of the sentencing court if he can show that he did "not [have] an unobstructed procedural shot at presenting [his] claim."[10] But Wakeman has made no showing

---

to his underlying sentence is successful it would impact the conditions of his release. But that does not change the fact that he is challenging his original sentence. Indeed, it is hard to imagine any case in which a challenge to the original sentence would not impact the defendant's conditions of release—or at least the date his supervision ends. Further, if Wakeman's conviction is vacated, there would be no supervised release for the District of Nevada to oversee.

[7] It is worth noting that the order transferring jurisdiction is based upon 18 U.S.C. § 3605. ECF No. 2. That statute gives the transferee court (here, the District of Nevada) authority "A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by . . . subchapter [A of chapter 229] or subchapter B or D of chapter 227" of Title 18. None of those subchapters authorizes the transferee court to rule on § 2255 motions.

[8] *See also Goble v. Fox*, 2014 WL 2009085, at *3 (W.D. Wash. May 16, 2014) (holding that a prisoner must file a § 2255 motion "before the court which imposed the sentence," and dismissing the defendant's motion because that court did not sentence him); *Arroyo v. United States*, 2013 WL 5532177, at *4 (E.D. Cal. Oct. 7, 2013) ("First, it is presented in the wrong court. Motions under § 2255 must be brought in the sentencing court.")

[9] *Hernandez*, 204 F.3d at 864–65.

[10] *Id.* (quotation omitted); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir.2003).

that he is precluded from properly bringing his § 2255 claim before the District of Oregon. Indeed, he has not even tried.

Wakeman is thus barred from challenging his sentence here because the District of Nevada has no jurisdiction over his claim. I am concerned that if I deny Wakeman's motion on procedural grounds and require him to file a new motion in the sentencing court, that motion may be time-barred.[11] To avoid creating a problem, I will transfer his pending motion to the sentencing court. Under 28 U.S.C. § 1631, I may transfer a case to another court to cure a want of jurisdiction. I will not transfer this criminal case to the District of Oregon because Wakeman remains in Nevada and it is appropriate to supervise him here. However, the filing of Wakeman's motion resulted in the opening of a new civil case (2:17-cv-00619-APG). I will transfer that case to the District of Oregon so that court can consider Wakeman's motion.

## Conclusion

IT IS THEREFORE ORDERED that **case number 2:17-cv-00619-APG is transferred to the United States District Court for the District of Oregon** so that court can consider Wakeman's motion. This criminal case (2:16-cr-00092-APG-VCF) shall remain in this district.

DATED this 4th day of August, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[11] I make no determination whether his current motion is timely.

Page 4 of 4